### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABRAHAM SIGURD LEE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SEAN McGEE, *et al.* | : | NO. 25-2725 |

## ORDER

**AND NOW**, this 2nd day of June , 2026, upon consideration of the

Petition for Writ of Habeas Corpus, the Commonwealth's Answer, the other documents filed by

the parties, and after review of the Report and Recommendation of United States Magistrate Judge

Carol Sandra Moore Wells, is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED AND ADOPTED**;

2. The Petition for a Writ of Habeas Corpus is **DISMISSED and DENIED**, without an evidentiary hearing; and

3. Petitioner has neither shown denial of a federal constitutional right, nor established that reasonable jurists would disagree with this court's procedural disposition of his claims. Consequently, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

**BY THE COURT**:

_____
Kai N. Scott, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ABRAHAM SIGURD LEE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SEAN McGEE, *et al.* | : | NO.  25-2725 |

## REPORT AND RECOMMENDATION

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                          May 19, 2026

Presently before the court is a Petition for a Writ of Habeas Corpus filed, *pro se*, by Abraham Sigurd Lee ("Petitioner"), pursuant to 28 U.S.C. § 2254.  At the time Petitioner filed the petition, he was serving the last few months of an 18 to 36 month term of incarceration that resulted from his violation of probation.  He seeks habeas relief based on several claims.  The Honorable Kai N. Scott referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, it is recommended that Petitioner not be afforded habeas relief.

## I.     FACTUAL AND PROCEDURAL HISTORY[1]

On March 23, 2017, in the Court of Common Pleas for Montgomery County, Petitioner entered a negotiated guilty plea to charges of simple assault, terroristic threats, unlawful dissemination of indecent images, and false imprisonment at docket number CP-46-CR-7653-2016.  Revised Petition ("Rev. Pet.") at 6; Answer at 1.  Petitioner received a sentence of 11.5 to 23 months on the simple assault charge and a total of four years of probation for the other three charges, that was to be served consecutively to the prison sentence.  Rev. Pet. at 6; Answer at 1-2.

---

[1] The facts set forth in this background and procedural history were gleaned from Petitioner's Habeas Corpus Petition (Document No. 1), his Revised Petition (Document No. 11), the Commonwealth's Answer thereto (Document No. 23), and Petitioner's Letter Reply (Document No. 24).

While Petitioner was serving his probation in Minnesota, he committed a new criminal offense, on October 10, 2022. Answer at 2. At an initial probation revocation hearing in Montgomery County, held on March 13, 2025, Petitioner conceded that he had committed this new criminal conduct. *Id.* At the June 4, 2025 final probation revocation hearing, the Montgomery County judge sentenced Petitioner to 18 to 36 months of incarceration for the probation violation; the judge informed Petitioner that, as of that date, he had approximately four months left to serve on this sentence. *Id.* Once Petitioner had fully served his violation of probation sentence in late October 2025, he was returned to Minnesota. *Id.*

On May 23, 2025, Petitioner filed the initial habeas petition. However, he had failed to use the required form; hence, he was ordered to refile, on June 6, 2025. On October 15, 2025,[2] Petitioner complied and, using the proper form, claimed: (1) he is actually innocent, Rev. Pet. at 12; (2) the sentence imposed for his violation of probation ("VOP") violates the Double Jeopardy Clause, *id.* at 14; (3) the bench warrant issued for his VOP was unlawful, *id.* at 16; and (4) the original criminal charges were fabricated. *Id.* at 17-18.[3] The Commonwealth counters that all of Petitioner's claims are procedurally defaulted and his Double Jeopardy claim lacks merit. Answer at 3-11. This court finds that claim one is not cognizable; although the three remaining cognizable claims are not procedurally defaulted, they lack merit.

## II.    DISCUSSION

### A.    Claim One is Not Cognizable

Habeas relief is available only for violations of the Constitution, laws or treaties of the

---

[2] The Clerk of Court docketed this habeas corpus petition on November 5, 2025. However, Petitioner is a *pro se* inmate, hence, his petition is deemed filed on the date he gave it to prison officials for mailing. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Under penalty of perjury, Petitioner stated that he placed his habeas petition in the prison mailing system on October 15, 2025. Pet. at 21. Hence, this court deems October 15, 2025 the filing date pursuant to *Burns*.

[3] In this filing, Petitioner represented that he was being held at SCI-Camp Hill, which located is in Pennsylvania. Rev. Pet. at 1. Petitioner's Letter Reply indicates that he was in Minnesota. Letter Reply at 9 (scanned envelope).

United States. 28 U.S.C. § 2254(a). Claim one alleges that Petitioner is actually innocent. Rev. Pet. at 12. However, the Supreme Court has held that a stand-alone claim of actual innocence is not cognizable in habeas corpus. *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Hence, Petitioner's first claim is not reviewable.

**B.      Claims Two, Three and Four are not Procedurally Defaulted**

The Commonwealth contends that all of Petitioner's claims are procedurally defaulted, because he never filed a direct appeal or collateral attack to his conviction or VOP sentence and he is no longer able to do so, since his sentence has expired. Answer at 4-6. However, this contention is incorrect.

At the time Petitioner filed his original petition, he was still serving his new VOP sentence. However, shortly thereafter, his ability to file a collateral attack (a PCRA petition) to challenge that sentence ended, upon the expiration of his VOP sentence in late October 2025. *See* 42 Pa. Cons. Stat. Ann. § 9543(a)(1)(i) (stating that PCRA relief is only available if the petitioner is serving a sentence or is on probation or parole); *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997) (holding that, to be eligible for PCRA relief, the defendant must be serving a prison sentence or be on probation or parole at the time the PCRA court issues a decision). The Third Circuit has held that § 9543(a)(1)(i) does not constitute a procedural default, because the expiration of the petitioner's sentence is outside their control; in other words, the inability to comply with the PCRA statute's custody requirement is not a state law procedural requirement that bars habeas review. *Levya v. Williams*, 504 F.3d 357, 369 (3d Cir. 2007). Hence, Petitioner's cognizable claims are not procedurally defaulted and may be considered on their merits.

**C.      Claim Two – Double Jeopardy – Lacks Merit**

Petitioner maintains that his Double Jeopardy rights were violated when he received a new

3

sentence of incarceration, upon revocation of his probation. Rev. Pet. at 14. However, the Supreme Court has explained that the Double Jeopardy Clause is not implicated when a convicted defendant is given a new prison sentence, upon revocation of probation. *United States v. DiFrancesco*, 449 U.S. 117, 137 (1980) (citations omitted). Hence, Petitioner's Double Jeopardy claim lacks merit.

**D.      Claim Three – Unlawful Bench Warrant – Lacks Merit**

Next, Petitioner claims that the bench warrant for his VOP was unlawful. Rev. Pet. at 16. In his most recent filing, Petitioner asserts that his term of probation commenced in 2017 and was fully served by 2021. Pet'r Letter Reply at 1.

Petitioner is mistaken. His original term of incarceration, 11.5 to 23 months, expired in February 2019. The consecutive term of probation, four years, would not have expired until February 2023, well before Petitioner committed a new criminal offense, in October 2022. Accordingly, the unlawful bench warrant claim lacks factual support in the record.

**E.      Claim Four – Fabricated Charges – Lacks Merit**

Finally, Petitioner claims that the original charges against him were fabricated. Rev. Pet. at 17-18. He further alleges that he was not in Pennsylvania at any time during the years 2016 and 2017. Pet'r Letter Reply at 2. This assertion is plainly belied by the record, which reveals that, on March 23, 2017, Petitioner was indeed in Pennsylvania as he pleaded guilty to the charges he now asserts were fabricated. Since Petitioner's claim is belied by the record, it lacks factual support.

### III.      CONCLUSION

Claim one is not cognizable. Claims two, three and four lack merit under *de novo* review. Reasonable jurists would not debate this court's procedural and substantive dispositions of

Petitioner's claims; therefore a certificate of appealability should not issue for any claim. *See*

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, I make the following:

### RECOMMENDATION

**AND NOW**, this 18th day of May 2026, for the reasons contained in the preceding Report,

it is hereby **RECOMMENDED** that Petitioner's claims be **DISMISSED** and **DENIED**, without

an evidentiary hearing. Petitioner has not demonstrated that any reasonable jurist could find this

court's rulings debatable, nor shown denial of any federal constitutional right; hence, there is no

probable cause to issue a certificate of appealability for his claims.

Petitioner may file objections to this Report and Recommendation within fourteen (14)

days of being served with a copy of it. *See* Local R. Civ. P. 72.1(IV). Failure to file timely

objections may constitute a waiver of any appellate rights.

It be so **ORDERED**.

*/s/ Carol Sandra Moore Wells*
CAROL SANDRA MOORE WELLS
United States Magistrate Judge

5